Franks *v.* The State.

---

.FRANKS *v.* THE STATE.

Where evidence conduces to prove, even circumstantially or remotely, the question at issue, it should go to the jury. The court is not authorized to decide upon the sufficiency of evidence.

If evidence is demurred to, or otherwise taken from the jury, for the decision of the court, all the facts which it had a tendency to prove must be regarded as admitted by the objecting party; and the court will then decide upon the legal effect only of the facts thus established, proved, admitted, or inferred, and not upon the sufficiency of proof to establish those facts.

Where there is latitude given by statute as to the amount of the fine for a criminal offence, it is the exclusive province of the jury to fix the amount.

ERROR, *to Dubuque District Court.*

*P. Smith,* for the plaintiff in error.

*L. A. Thomas,* prosecuting attorney, for the state.

*Opinion by* GREENE, J. Indictment against *Franks* for retailing spirituous liquors without license. The issue was

tried by a jury, and the defendant found guilty as charged. The court fixed the amount of the fine.

The evidence submitted on the trial is embodied in a bill of exceptions; and the court was asked to instruct the jury that it is insufficient to support the indictment. This was refused, and that refusal is now assigned as error. It is clear to our minds that the court below decided properly in this matter. The statute makes it the exclusive province of the jury to decide questions of fact; and these questions they are to determine from their own view and judgment of the testimony submitted to their consideration. If the sufficiency or insufficiency of testimony to establish any given fact, or determine an issue, should be decided by the courts, the sacred right of trial by jury may become utterly subverted. It cannot be doubted that instructing a jury of facts that are or are not sufficiently established by proof, is tantamount to a decision of those facts, and is beyond the legal province of a judge. His sphere is limited to the application of the law to the facts, and extends no control over the sufficiency of evidence submitted to establish them. However loose and indeterminate the evidence may be, still if it conduces to prove even circumstantially or remotely any relevant fact in the case, it should be confined to the determination of the jury; and if the evidence is demurred to or otherwise taken from the jury for the decision of the court, all the facts which the evidence tends to prove are to be regarded as admitted. It is then the duty of the court to decide upon the legal effect of those facts as proved, admitted, or inferred; and not upon the sufficiency of evidence submitted to prove them. If otherwise, the reference to the court would be a question of fact, and not of law. *Fowle* v. *The Common Council of Alexandria*, 11 Wheaton, 320; 6 Cond. 328.

The second error assigned is, that the court fixed the amount of the fine without authority of law. *Rev. Stat.* p. 158, § 87, provides that when any latitude is left as to the amount of punishment for any offence, the jury shall in all cases fix the amount of punishment. By a subsequent enactment in the

same statute, p. 183, § 76, it is made the duty of the judge to determine the period of confinement when imprisonment is the punishment prescribed.

In this case the offender is subject to a fine, by statute, of not over one hundred, nor less than fifty dollars. There being a latitude in the amount of punishment, it was the duty of the jury, and not within the province of the court, to fix the fine.

But it is contended, that as the fine was placed at the lowest limit by the court, no injury could result to the defendant below, from the error. This may be true, but still the error is there. It was an exercise of power without authority or sanction of law. Though the jury could not have fixed the fine at a less amount, still they should have fixed it, as the law confines the duty exclusively to them. The mere fact, that the least amount was fixed upon by the judge, cannot confer the authority or legalize the act ; it was still extrajudicial, and cannot be regarded by this court as of too trivial a nature to justify revision.

The judgment is reversed with costs, and the cause remanded.