**STATE of Iowa, Appellee,**

v.

**Kim Eugene HOWARD, Appellant.**

**No. 62219.**

Supreme Court of Iowa.

Oct. 17, 1979.

Thomas R. Pence of Hines, Pence, Day & Powers, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Lona J. Hansen, Asst. Atty. Gen., Eugene J. Kopecky, Linn County Atty., and Denver D. Dillard, Asst. Linn County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN, and LARSON, JJ.

REYNOLDSON, Chief Justice.

Defendant was charged with sexual abuse in the second degree, a violation of sections 709.1 and 709.3, Supplement to the Code 1977, and with kidnapping in the first degree, a violation of sections 710.1 and 710.2. He waived a jury. Trial court found him guilty on the sexual abuse charge, not guilty on the kidnapping count, and sentenced him to twenty-five years imprisonment as a class "B" felon. See § 902.9. Defendant now appeals and we affirm.

There is little dispute in the evidence. Trial court could have found the following facts. The victim was assaulted by defendant while taking a shower in her Coe College dormitory in Cedar Rapids on March 17, 1978. Defendant was naked and had an erection. He repeatedly struck the victim and forcibly dragged her to an adjoining room. Defendant's body was above and facing the victim's body as they struggled on the floor and his genital hair was rubbing on hers during most of the five to seven minutes the assault continued. On two or three occasions defendant succeeded in momentarily spreading the victim's legs.

Defendant established on cross-examination that to a certain extent defendant rested his weight on the left side of his body and his left leg was outside of her right leg "the whole time." The victim was unable to say with certainty that the defendant's genital area came into contact with her genitalia. She testified "there could have been [genital contact]." Her "primary thoughts" were directed toward her escape and the continued hitting.

The relevant divisions of defendant's brief are based on trial court's alleged errors in failing to direct a verdict, finding sufficient evidence for conviction, and overruling defendant's motion for new trial. As a basis for all these assertions defendant contends there was no evidence of a "sex act" upon which a charge of sexual abuse could be based.

I. One of the definitions of sexual abuse found in section 709.1 is: "Any sex act . . . when . . . [s]uch act is done by force or against the will of the other." "Sex act" is described in section 702.17. The definition relevant in this case is: "contact between the genitalia of one person and the genitalia or anus of another person . . . ." Sexual abuse in the second degree may occur under any of three circumstances described in section 709.3. The one applicable here is:

(1) During the commission of sexual abuse the person . . . uses or threatens to use force creating a substantial risk of death or serious injury to any person.

Evidence of the victim's lacerations, sprains and bruises justified trial court's finding that defendant used force which

created a substantial risk of serious injury. The fighting issue is whether there was sufficient evidence to justify a finding that a sex act, *i. e.,* contact between the genitalia of defendant and the victim, occurred. If there was no sex act there was no sexual abuse under the above statutory provisions.

■ II. In considering trial court's ruling on defendant's motion for directed verdict the evidence will be reviewed in the light most favorable to the State. *See, e. g., State v. Jones,* 281 N.W.2d 13, 18 (Iowa 1979); *State v. McDaniel,* 265 N.W.2d 917, 922 (Iowa 1978). Every legitimate inference which reasonably and fairly may be deducted therefrom will be used to aid the evidence. *See, e. g., State v. Fryer,* 243 N.W.2d 1, 8 (Iowa 1976); *State v. Lewis,* 242 N.W.2d 711, 724 (Iowa 1976). Only that evidence which would support the judgment need be considered on review. *State v. White,* 223 N.W.2d 163, 164 (Iowa 1974). Our cases demonstrate a long-standing preference for submitting criminal cases to a jury if there is any substantial evidence tending to support the charge. *See, e. g., McDaniel,* 265 N.W.2d at 922; *State v. York,* 256 N.W.2d 922, 927 (Iowa 1977); *State v. Anderson,* 239 Iowa 1118, 1125, 33 N.W.2d 1, 6 (1948); *Franks v. State,* 1 Greene 541, 542 (Iowa 1848) (even if only circumstantial or remote proof).

Here the necessary contact is indicated not by direct, but only circumstantial, evidence. Defendant relies on the following language from *State v. Overstreet,* 243 N.W.2d 880, 884 (Iowa 1976):

> [W]here circumstantial evidence alone is relied on as to an essential element the circumstances must be entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of his innocence, and so convincing as to exclude a reasonable doubt that defendant was guilty of the offense charged . . . [I]t must . . . generate something more than suspicion, speculation or conjecture.

However, *Overstreet's* circumstantial evidence adequacy test has been supplanted by a revised standard. *See State v. O'Connell,* 275 N.W.2d 197, 205 (Iowa 1979) ("For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative."); *see also State v. Hillsman,* 281 N.W.2d 114, 115 (Iowa 1979). This revised concept directly bears on our review of trial court's rulings.

■ In this case trial court had before it the victim's description of the intertwining of pubic hair. The victim testified she was familiar with the male and female genital organs from biology courses in both high school and college. She observed defendant putting on his clothes following the attack and knew that his genital hair was found around and just above his sexual organs. She testified to the location of her pubic hair, and that she was structured normally.

We think there was sufficient circumstantial evidence to support trial court's finding there was contact between the genitalia of the defendant and his victim.

■ Defendant, however, argues trial court impermissibly but "necessarily took judicial notice" of the identification of genitalia, their location, and their description. Of course the exterior anatomy of human genital organs and the location of pubic hair may be judicially noticed as "facts generally known with certainty by all the reasonably intelligent people in the community." *See State v. Proulx,* 252 N.W.2d 426, 431 (Iowa 1977); *McCormick's Handbook of the Law of Evidence* §§ 328–29 (2d ed. E. Cleary 1972). We think trial court could take such notice without the State's request. *See Salsbury Laboratories v. Iowa DEQ,* 276 N.W.2d 830, 835 (Iowa 1979); Fed.R.Evid. 201(c) ("A court may take judicial notice, whether requested or not."). The court, so judicially noticing, could have found the victim's description of her own and the defendant's genital parts and the relative location of their pubic hair conformed to normal anatomy. The court could have inferred that when the pubic hair areas were "rubbed" together in the manner testified to there was also contact of genital parts.

We do not find this to be piling one inference on another, as defendant contends. *See State v. Leib*, 198 Iowa 1315, 1322, 201 N.W. 29, 32 (1924). It was necessary for trial court to make only one inference: that sexual contact must have occurred due to the position of the bodies. "[T]he choice between inferences to be drawn from circumstantial evidence is peculiarly the province of the [fact finder]." *State v. Metcalf*, 260 N.W.2d 857, 860 (Iowa 1977).

III. Our above discussion and holding disposes of defendant's contentions there was not sufficient evidence to support his conviction and that trial court erred in overruling his motion for new trial. Defendant's brief also asserted that if his conviction for second-degree sexual abuse is reversed he may be found guilty of simple assault only. He points out assault with intent to commit rape is no longer an offense after adoption of the Iowa Criminal Code. As we affirm his conviction we need not consider this issue.

AFFIRMED.