**CITY OF DUBUQUE, Iowa, A Municipal Corporation, Appellant,**

v.

**TELEGRAPH HERALD, INC., Appellee.**

**No. 63800.**

Supreme Court of Iowa.

Oct. 15, 1980.

---

See also, Iowa, 297 N.W.2d 529.

Barry A. Lindahl, City Sol., Dubuque, for appellant.

Allan J. Carew of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

Both this appeal and a related appeal we have decided today, *Telegraph Herald, Inc. v. City of Dubuque,* 297 N.W.2d 529 (Iowa 1980), arise out of the *Herald's* attempts to secure the names of, and other information about, applicants for the position of Dubuque city manager. This case involves the *Herald's* efforts to secure this information under Iowa's public records act, chapter 68A, The Code 1979.

Dubuque brought a section 68A.8 injunction action to restrain the newspaper from examining the records relating to the applicants, and for a declaration that the names of the applicants and the contents of their applications were confidential records within the meaning of section 68A.7. The city alleged in the alternative that such examination was precluded under section 68A.8 because it was not in the public interest and would substantially and irreparably injure some or all of the applicants. Trial court held all of the applications were subject to the *Herald's* inspection except those of five applicants who requested confidentiality. Dubuque has appealed, asserting none of the applications should be subjected to examination. The *Herald* has cross–appealed, contending trial court erred in not enforcing its request for information concerning all applicants. We affirm on Dubuque's appeal and affirm in part and reverse in part on the *Herald's* cross–appeal.

Dubuque commenced this action July 6, 1979. The *Herald's* answer as amended limited its inquiry to the name, address, employers, education, training and experience of each of the forty–one applicants for the city manager vacancy. The amended answer also alleged that chapter 68A "constitutes an unconstitutional prior restraint on the press to the extent it prohibits or purports to prohibit [the *Herald's*] right of access to the information it requested of [Dubuque]."

Trial was held promptly on July 13. The evidence disclosed the Dubuque city manager had resigned. The city's advertisement for applicants to fill the vacancy warned the applications were subject to the open meetings law, chapter 28A, The Code. The assistant city manager testified the purpose of this warning was "to put prospective applicants on notice that by reason of Iowa Law their identities might be revealed in a public meeting of some kind."

Forty–one persons made application to the city council. Of these, thirty–nine were employed at other jobs when they submitted applications, and five specifically requested their applications remain confidential. Supporting the *Herald's* written demands for information concerning all these persons, its managing editor testified it was "extremely important" that the public be informed of the names, addresses, employment status, training, experience and education of the applicants because "[i]t is in the public interest to know that the best candidate has been selected, and what the qualifications of the candidates are."

July 17, 1979, trial court issued its decree, finding the specific information sought by the amended answer was neither personal nor confidential, and that there was no evidence of any potential adverse consequence to the applicants that might outweigh the public interest in disclosure. The court denied the city's request to judicially notice the "well established business custom and practice that an application for employment will not be disclosed publicly without the consent of the applicant." It held all of the applications were public records, subject to inspection, except those of the five persons requesting confidentiality:

> By failing to advise these five applicants that the request[s] for confidentiality could not be honored, it does seem that the public, acting through its duly constituted public officials, should, in equity, be estopped from breaching the implied contract of confidentiality in view of the absence of any claim of bad faith or intentional impropriety on the part of the Mayor or City Council. To that extent, the Court does feel that the need that the government not only be fair but appear to be fair, outweighs the public's right to know of the five candidates who sought confidentiality and were given to under-

stand that they would receive confidential treatment.

Trial court also held it was unnecessary to consider the *Herald's* claim that chapter 68A imposed an unconstitutional prior restraint on the press to the extent it prohibited or purported to prohibit the *Herald's* right to the requested information, because the issue before the court was the "disclosure of information" and not a "prior restraint" on the "publication of information."

We discuss the issues presented by the appeal and cross–appeal in the divisions that follow.

I. *Did the applications fall within the section 68A.7(11) exception to public record disclosure requirements?*

Dubuque argues none of the applications submitted are subject to inspection because they are exempt from disclosure as "[p]ersonal information in confidential personnel records of public bodies . . . including . . . cities" under section 68A.7(11), The Code.

Section 68A.7, which itemizes exceptions to chapter 68A disclosure requirements, must be interpreted in light of the purpose and intent of the public records act.

Section 68A.1 defines "public records" to include "all records and documents of or belonging to this state or any . . . city." Both parties agree the applications at issue are public records of Dubuque. Section 68A.2 insures that "[e]very citizen of Iowa shall have the right to examine all public records and to copy such records, and the news media may publish such records, unless some other provision of the Code expressly limits such right or requires such records to be kept secret or confidential. . . ."

■ The legislature's intent is further illuminated by the following caveat found in section 68A.8 (which provides for an injunction action to withhold records):

The district court shall take into account the policy of this chapter that free and open examination of public records is generally in the public interest, even though such examination may cause in-convenience or embarrassment to public officials or others.

In *Howard v. Des Moines Register and Tribune Co.*, 283 N.W.2d 289, 299 (Iowa 1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980), we endorsed the concept that the act established a liberal policy of access from which departures are to be made only under discrete circumstances. It is plain that our analysis must start from the premise that chapter 68A is to be interpreted liberally to provide broad public access to Dubuque's public records.

Whether an application for an appointive city office is "personal information in confidential personnel records" is a question of first impression in Iowa. The language employed by the legislature in this section 68A.7(11) exception weighs heavily against the city's position. The records that may be withheld from the public obviously do not include all personnel records--only *confidential* personnel records. In addition, even when confidential personnel records are involved, not all information contained therein is exempt from public scrutiny—only *personal* information in such records. Bypassing for the moment the issue whether an application for public employment is a confidential personnel record, or even a personnel record, we fail to discern, absent specific evidence, how the limited information requested by the *Herald* can be classified as *personal* information that the right of privacy would protect.

Our conclusion is supported by federal decisions applying and interpreting 5 U.S.C. § 552(b)(6) (1977), which exempts from disclosure agency information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Because the federal statute similarly protects information in *personnel* files that may invade *personal* privacy, federal court interpretations are helpful. *See Best v. Yerkes*, 247 Iowa 800, 812, 77 N.W.2d 23, 30 (1956); 2A Sutherland, *Statutes and Statutory Construction* § 52.03 (4th ed. C. Sands 1973).

■ In determining whether disclosure of specific information falls within the federal exemption, the federal courts balance the public interests served by disclosure against the private interests in protecting against invasion of privacy. *See, e.g., Department of the Air Force v. Rose*, 425 U.S. 352, 372–73, 96 S.Ct. 1592, 1604–05, 48 L.Ed.2d 11, 27–28 (1976) ("Congress sought to construct an exemption that would require a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'"); *Chamberlain v. Kurtz*, 589 F.2d 827, 841–42 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Committee on Masonic Homes of the R. W. Grand Lodge v. NLRB*, 556 F.2d 214, 220 (3d Cir. 1977); *Campbell v. United States Civil Service Commission*, 539 F.2d 58, 61 (10th Cir. 1976); *Wine Hobby USA, Inc. v. United States Internal Revenue Service*, 502 F.2d 133, 136–37 (3d Cir. 1974).

■ Courts construing the federal act impose a presumption in favor of disclosure and require the government to carry the burden of justifying nondisclosure. *See, e.g., Committee on Masonic Homes*, 556 F.2d at 218; *Campbell*, 539 F.2d at 61. Statutory exemptions from disclosure are given a narrow construction. *Rose*, 425 U.S. at 361, 96 S.Ct. at 1599, 48 L.Ed.2d at 21; *Consumers Union of United States, Inc. v. Heimann*, 589 F.2d 531, 533 (D.C.Cir. 1978). We conclude the language of sections 68A.2 and 68A.9, noted above, indicates a legislative intent similar to the congressional purpose in the federal act and justifies similar presumptions and interpretations in applying the Iowa law. *See Howard*, 283 N.W.2d at 299.

Dubuque argues the section 68A.7(11) exception is the legislature's effort to apply to *public* bodies the *private* business practice of keeping employment applications confidential. We are requested to judicially notice that custom, a step trial court refused to take. However, we do not reach the question whether we could take judicial notice of that alleged fact, *see State v. How-*

*ard*, 284 N.W.2d 201, 203 (Iowa 1979), or recognize it as a "legislative fact" undergirding section 68A.7(11), *see McCormick's Handbook of the Law of Evidence* § 328, at 759 (2d ed. E. Cleary 1972).

■ Chapter 68A obviously was enacted to remedy unnecessary secrecy in conducting the public's business, not to maintain the breadth of secrecy often found in private business. We must give effect to the intent of the legislature, *Hamilton v. City of Urbandale*, 291 N.W.2d 15, 17 (Iowa 1980), and we do not read into a statute language the legislature could have used, had it so intended. *Neumeister v. City Development Board*, 291 N.W.2d 11, 14 (Iowa 1980). The legislature could have exempted employment applications from disclosure. Its failure to do so, coupled with its plain intent that we construe the exemptions narrowly, persuades us that the disputed applications do not fall within the section 68A.7(11) exemption. In so holding, we do not reject Dubuque's argument that disclosure of such applications may deter qualified persons holding responsible positions from applying. But it is not this court's role to pass on the wisdom of legislation. *Richards v. City of Muscatine*, 237 N.W.2d 48, 58 (Iowa 1975). In failing to provide for nondisclosure of such applications, the legislature may have determined the advantages of attracting more applicants were outweighed by the disadvantages of secrecy relating to the applicants.

II. *Did trial court properly exercise its section 68A.8 equitable power to exclude five of the applications?*

As we have already noted, trial court held the applications of five persons who requested confidentiality were "confidential records within the meaning of Sec. 68A.8" not subject to disclosure, and the Dubuque officials "should, in equity, be estopped from breaching the implied contract of confidentiality."

We observe at the outset the advertisements for applicants specifically stated the applications were subject to the open meetings law. This should have alerted knowledgeable, qualified persons the hiring pro-

cedures would probably not be secret. Although it is conceded these five persons requested that their applications be confidential, there is no evidence city officials made any assurances these requests would be honored.

A threshold issue is whether section 68A.8 was designed to provide an equitable relief valve to the disclosure requirements of chapter 68A, or merely a method of enforcing, by injunction, the section 68A.7 exceptions to disclosure. Our analysis of the statutory language persuades us it is an equitable remedy independent of the section 68A.7 exceptions, and is applicable when specific criteria are met.

■ Section 68A.8 provides the petition must be supported by affidavit that shows (and district court must find) "such examination would clearly not be in the public interest and would substantially and irreparably injure any person or persons." It further requires the district court to "take into account the policy of this chapter that free and open examination of public records is generally in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." The final sentence in section 68A.8 provides that a reasonable delay by a public official in permitting a record examination, in order to seek an injunction, is not a violation of the chapter. If a section 68A.7 exception to disclosure was applicable, there would be no need to absolve the public official of the statutory violation due to the delay in obtaining an injunction.

Having concluded section 68A.8 provides a procedure for equitable relief against disclosure in a narrow area, we must determine whether the situation before us meets the statutory criteria. A subsumed issue is whether the request for confidentiality is to be given any weight, and if so, how much.

Several federal courts that have addressed this or similar questions have indicated a governmental entity's pledge of confidentiality to the provider of information is not enough, in and of itself, to prevent disclosure. *See, e.g., Providence Jour-*

*nal Co. v. F.B.I.,* 602 F.2d 1010, 1014 n.8 (1st Cir. 1979), *cert. denied,* 444 U.S. 1071, 100 S.Ct. 1015, 62 L.Ed.2d 752 (1980); *Petkas v. Staats,* 501 F.2d 887, 889 (D.C.Cir.1974); *Robles v. Environmental Protection Agency,* 484 F.2d 843, 846 (4th Cir. 1973); *cf. Charles River Park "A", Inc. v. Department of Housing and Urban Development,* 519 F.2d 935, 940 (D.C.Cir.1975) ('If [the information] is not found to be confidential under the [Freedom of Information Act], it must be disclosed on request even if it was submitted in confidence."). Most courts, however, have considered a pledge of confidentiality to be a factor in the balancing process. *See, e.g., Lee Pharmaceuticals v. Kreps,* 577 F.2d 610, 616 n.7 (9th Cir. 1978), *cert. denied,* 439 U.S. 1073, 99 S.Ct. 847, 59 L.Ed.2d 40 (1979) (citing cases); *Metropolitan Life Insurance Co. v. Usery,* 426 F.Supp. 150, 172 & n.95 (D.D.C.1976); *Sonderegger v. United States Department of Interior,* 424 F.Supp. 847, 853 (D. Idaho 1976).

■ It is apparent, however, that there was no "pledge" of confidentiality in the case before us. There is no indication the applications were submitted on the condition they be held confidential. Dubuque officials made no pledge; rather, they merely sought to maintain secrecy with respect to these records.

■ No evidence was introduced to show disclosure would "substantially and irreparably injure" any applicant. This is a required finding for the court to grant injunctive relief under section 68A.8. Trial court observed that "[n]o evidence was introduced bearing on the need of confidentiality in the public interest or showing any substantial or irreparable injury to one or more applicants by disclosing the information sought." Under other specific criteria of section 68A.8, mere inconvenience or embarrassment is not enough. Even assuming the record would support finding an implied contract by Dubuque to hold the applications confidential, it is apparent other statutory prerequisites for section 68A.8 relief were not met. Trial court traveled beyond

statutory parameters in granting nondisclosure for the five applicants who requested confidentiality.

██ The *Herald* further contends chapter 68A is unconstitutional "to the extent it prohibits or purports to prohibit Respondent's right of access to the information it requested of the Petitioner." The newspaper appears to have challenged the constitutionality of this chapter *as applied* by trial court. Because we have determined the *Herald* shall have the information it requested as to all applicants, its constitutional challenge to the application of the chapter is moot. *See State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975). We have a duty to avoid constitutional questions concerning statutes when the merits of the case may be decided without facing such questions. *State v. Conner*, 292 N.W.2d 682, 689 (Iowa 1980); *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 837 (Iowa 1979); *State v. Davis*, 269 N.W.2d 434, 439 (Iowa 1978).

We affirm trial court's decision on Dubuque's appeal, and reverse its decision on the *Herald's* cross–appeal to the extent that trial court's ruling barred disclosure of requested information concerning the five applicants who asked for confidentiality. Our stay issued August 8, 1979, is hereby nullified.

AFFIRMED ON THE APPEAL; AFFIRMED IN PART AND REVERSED IN PART ON THE CROSS–APPEAL.