**John E. JONES, Appellee,**

v.

**LOESS HILLS AREA EDUCATION AGENCY 13, William W. Perry, Calvin R. Bones and Nancy Coziahr, Appellants.**

**No. 66754.**

Supreme Court of Iowa.

May 19, 1982.

John M. French of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellants.

R. Laubenthal of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and ALLBEE, JJ.

HARRIS, Justice.

A provision in Iowa's administrative procedure act provides that "[d]iscovery procedures applicable to civil actions are available to all parties in contested cases before an agency." § 17A.13, The Code 1981. Plaintiff is an administrator of defendant agency. Due to funding cutbacks, defendant agency met March 30, 1981, in a closed meeting to consider terminating plaintiff's contract. The agency board passed a resolution to consider termination of plaintiff's position at the end of the 1980–81 contract year. Plaintiff thereafter, exercising a statutory right under section 279.24, The Code, requested a hearing before an officer of the professional teaching practices commission. Chapter 272A, The Code. That commission set a hearing for May 15, 1981.

On May 1, 1981, plaintiff served on defense counsel notices of taking of deposi-

tions and a request to produce the minutes, tape recording, or transcript of the closed meeting. Defendants refused in the belief these materials were not discoverable. Plaintiff then brought a declaratory judgment proceeding in district court which must have established some sort of record for prompt dispatch. Suit was filed May 13, defendants answered the following day, and the matter was presented to the trial court which entered judgment May 15, 1981. It held the materials were discoverable.

We cannot believe the legislature intended to implement discovery as a part of the summary hearing it designed in section 279.24. The time requirements for discovery are such that the procedure cannot fit within the time frame of a teaching practices commission hearing. Under section 279.24 "[t]he hearing shall be held no sooner than ten days and not later than thirty days following the administrator's request unless the parties otherwise agree." Discovery generally cannot be accomplished in so short a time. This impossibility of fitting discovery within the thirty day time frame of the statutory hearing persuades us that the legislature did not intend for discovery.

The right of discovery would be a statutory ricochet here in any event. The hearing is called under section 279.24 which invokes chapter 272A, The Code (professional teaching practices commission). Section 272A.8, in providing for the hearing, requires that "[t]he hearing shall be held pursuant to the provisions of chapter 17A relating to contested cases." It is section 17A.13 that provides "[d]iscovery procedures applicable to civil actions are available to all parties in contested cases before an agency." [1]

Defendants argue that, in this statutory path, chapter 17A is adopted only in part. Section 272A.8 says only that the *hearing* is to be held pursuant to chapter 17A. Chapter 17A is not called upon for anything

before or after the hearing, so that pretrial discovery is not called for.

 In view of the impossibility to fit a discovery procedure within the time frame of the statutory hearing we agree. The rules of civil procedure were invoked, via sections 279.24, 272A.8, and 17A.13 only for a trial setting. The hearing itself, insofar as possible, should be conducted in accordance with the rules of civil procedure.

Plaintiff suggests this holding is at odds with language in *Wedergren v. Board of Directors*, 307 N.W.2d 12, 16–17 (Iowa 1981). We there mentioned that Wedergren, a school superintendent involved in a similar proceeding, had not utilized the discovery procedures. But *Wedergren* is not authority for this plaintiff's contention because discovery was not an issue in that case. It was error to order discovery.

The judgment of the trial court is reversed.

REVERSED.

---

1. We need not decide whether the administrative procedure act would otherwise apply to the agency.