**Michael Duane BROKAW,
Petitioner-Appellant,**

v.

**The CIVIL SERVICE COMMISSION OF
the CITY OF CEDAR RAPIDS, Iowa,
Respondent-Appellee.**

No. 2–69225.

Court of Appeals of Iowa.

Oct. 25, 1983.

Gary L. Robinson of Klinger, Robinson & McCuskey, Cedar Rapids, for petitioner-appellant.

David McGuire, City Atty., for respondent-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

OXBERGER, Chief Judge.

The petitioner appeals the district court's decision annulling the writ of certiorari concerning the decision of respondent's chairperson to rescind subpoenas issued by her for discovery depositions prior to a hearing on petitioner's appeal of the decision to suspend him from the Cedar Rapids Police Department for five days. The petitioner claims that the district court erred by allowing the chairperson to rescind the subpoenas thereby denying the petitioner allegedly needed discovery to enable him to prepare for the hearing before the respondent. We affirm.

I. Prehearing Discovery

Brokaw argues that Iowa Code section 400.24 authorized chairperson Kazimour to issue subpoenas. That section states in part:

The council or commission shall cause subpoenas to be issued for such witnesses and the production of such books and papers as either party may designate. The subpoenas shall be signed by the chairman of the commission or mayor, as the case may be.

Iowa Code § 400.24 (1981). It seems clear to us that the only authority granted to the chairperson by section 400.24 is to sign the subpoenas after the commission has issued them. We agree with Brokaw that it is our duty to construe civil service statutes liberally to promote justice. *Millsap v. Cedar Rapids Civil Service Commission*, 249 N.W.2d 679, 684 (Iowa 1977). However, the statute did not provide that the *chair-*

*person* shall cause subpoenas to be issued. We will not read into the statute language the legislature could have supplied if it had so intended. *Neumeister v. City Development Bd.*, 291 N.W.2d 11, 14 (Iowa 1980).

Brokaw contends that *Citizens Against the Lewis and Clark Landfill v. Pottawattamie City Board of Adjustment*, 277 N.W.2d 921 (Iowa 1979), holds since the commission has not established rules of procedure for the prosecution of appeals, the commission cannot act by rescinding the subpoenas because such action would be illegal. Therefore, he contends since the Commission took the first step by issuing the subpoenas, he should be entitled to proceed with discovery. We find this argument to be misplaced. Even assuming *Citizens* does apply to the case at bar, if the subpoenas are invalid, they are also unenforceable. *See Wilson & Co., Inc. v. Oxberger*, 252 N.W.2d 687, 690 (Iowa 1977). Therefore, the rescission is inapplicable.

 Furthermore, there is a strong indication that rights to prehearing discovery were not intended under this chapter. The statutory time scheme mandated in sections 400.20–3 for a hearing are not amenable to discovery. Those sections require specifications for charges be filed within five days after the notice of appeal, and then within ten days the hearing is to be set no less than five days and no more than twenty days thereafter. We find it would be impractical to fit discovery into that time frame. *See generally Jones v. Loess Hills Area Education Agency 13*, 319 N.W.2d 263 (Iowa 1982).

Brokaw lastly contends that regardless of the legality of chairperson Kazimour's action regarding the subpoenas, she had no authority to cancel the depositions, which were prepared and served by Brokaw's counsel pursuant to the discovery methods of Iowa Rule of Civil Procedure 121 and to the scope of discovery of Rule 122A. The Iowa Rules of Civil Procedure govern the practice and procedure in *courts* of the State. Iowa R.Civ.P. 1. The Commission is not a court. However, we would caution such a municipal agency as

this one, that the importance of agencies adopting and publishing rules and procedures has been emphasized in recent years. There has been a general condemnation of an agency's failure to adopt procedural rules, whether demanded by statute or not. *Citizens* at 923. Even though municipal agencies are not covered by Iowa Code chapter 17A and its attendant procedural safeguards, we find it difficult to permit those agencies to operate with no rules and no procedural guidelines. *See Citizens* at 924. We suggest that the commission take the necessary steps to promulgate some guidelines or take the risk of having some future commission action invalidated. *Id.* at 924.

AFFIRMED.