The BOARD OF DIRECTORS OF the DAVENPORT COMMUNITY SCHOOL DISTRICT IN the COUNTIES OF SCOTT AND MUSCATINE, State of Iowa, Appellee,

v.

The QUAD CITY TIMES, AN UNINCORPORATED DIVISION OF LEE ENTERPRISES, INCORPORATED, Appellant.

No. 85–739.

Supreme Court of Iowa.

Feb. 19, 1986.

John J. Carlin, of John J. Carlin, P.C., Davenport, for appellant.

Michael L. Noyes, of Rehling, Lindburg and Gosma, Davenport, for appellee.

WOLLE, Justice.

This case presents a question of public access to information on which a school board must take official action. The defendant newspaper sought to inspect the transcript of evidence generated by statutory proceedings in which the plaintiff school board undertook to decide whether to terminate the employment contract of a school administrator. *See* Iowa Code § 279.24 (1985). The board was not sure whether the transcript was exempted from public access, so it brought this action in district court requesting a declaratory ruling on the meaning of pertinent statutory language and also requested appropriate injunctive relief. The trial court on stipulated facts found that section 279.24 exempted the transcript from the public meeting and public record disclosure requirements of Iowa Code chapter 21 (the open meetings law) and chapter 22 (the public records law). We reverse, finding that the transcript constituted the record of a public hearing which was not exempt from disclosure.

Before analyzing and construing the language of several statutes which govern the public's right of access to this transcript, we first summarize the requisite statutory procedures of Iowa Code section 279.24 which the board properly followed in considering whether to terminate the contract of its non-probationary school administrator. (That statute prescribes a somewhat different procedure for terminating probationary administrators employed less than two years.) The board first gave notice to the administrator that it had voted to consider termination of his contract. The notice stated specific reasons for considering termination. Had the administrator not requested a hearing the board itself would have determined at once whether to continue or discontinue the contract.

Because the school administrator requested a hearing, a hearing officer was selected and an official record was made of

the evidence presented in the proceedings before the hearing officer. That transcript is the focal point of the public access issue now before us. The transcript was required by Iowa Code section 17A.12(7) (made applicable to the proceeding by Iowa Code section 272A.8) which specifies:

Oral proceedings shall be open to the public and shall be recorded either by mechanized means or by certified shorthand reporters.

At the conclusion of the reported hearing, the hearing officer submitted to the board and the administrator findings of fact and a proposed decision. That decision of the hearing officer would have become the final decision of the board in the absence of appeal by the administrator or further review of the matter by the board on its own motion.

Here, however, the administrator filed written notice of appeal to the board, and procedures governing that appeal to the board are also set forth in section 279.24. That statute's pertinent language respecting the public or private nature of proceedings before the board is as follows:

If the administrator appeals to the board, or if the board determines on its own motion to review the proposed decision of the hearing officer, a private hearing shall be held before the board.... The private hearing shall not be subject to the provision of chapter 21.

. . . .

When the board has reached a decision, opinion, or conclusion, it shall convene in open meeting and by roll call vote determine the continuance or discontinuance of the administrator's contract. The record of the private conference and findings of fact and exceptions shall be exempt from the provisions of chapter 22.

The board presided at the private hearing and heard the case de novo upon the record made before the hearing officer. The board then convened in open meeting and by roll call vote announced that it had decided to continue the administrator's contract.

When the newspaper asked for the transcript of evidence and certain other records related to the termination proceedings, the board commenced this action seeking a declaratory judgment that the records were exempt from public disclosure. The parties stipulated that all information requested by the newspaper was within the evidence presented to the hearing officer. The parties also stipulated that the transcript of the proceeding before the hearing officer constituted the record used by the board in its private hearing conducted pursuant to section 279.24.

The newspaper contended it should have access to the transcript of the termination proceeding because sections 272A.8 and 17A.12(7) required that the proceedings before the hearing officer be open to the public. The board responded that the transcript developed before the hearing officer became the record before the board in its private hearing, and the transcript was therefore exempted from public disclosure by the specific language of section 279.24 which insulated the board's private hearing and conference from the open meetings and public records statutes, Iowa code chapters 21 and 22.

The trial court's declaratory judgment held the requested information exempt from disclosure. The court reasoned that to find the record before the hearing officer public, and the balance of proceedings before the board based on the same record private, would constitute an absurd interpretation of the statute and frustrate the legislative intent to make the board proceedings under section 279.24 private. The trial court found section 279.24 ambiguous and concluded that the legislature intended to deny the public access to all evidence in the record which the hearing officer presented to the board.

We disagree with the trial court's decision because we find in this statutory scheme a clear legislative intent to provide the public access to the information on which the board would make its decision. The newspaper points out, and the board acknowledges, that our construction of the

controlling statutes must give effect to established principles governing the examination of public records. Disclosure is favored over non-disclosure, and exemptions from disclosure are to be strictly construed and granted sparingly. *City of Dubuque v. Telegraph Herald, Inc.,* 297 N.W.2d 523, 526–27 (Iowa 1980); *Howard v. Des Moines Register & Tribune Co.,* 283 N.W.2d 289, 299 (Iowa 1979), *cert. denied* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980).

Of pivotal importance is the impact of section 272A.8 on section 279.24 to which it directly makes reference. Section 272A.8 explicitly converts the section 279.24 proceeding before the hearing officer into a contested case hearing under chapter 17A, and that hearing must be "open to the public and shall be recorded" by the clear mandate of section 17A.12(7).

The board argues that we have narrowly limited the effect of section 272A.8 on section 279.24 proceedings, but the case it cites is inapposite. In *Jones v. Loess Hills Area Education Agency 13,* 319 N.W.2d 263, 264 (Iowa 1982), we merely refused to allow chapter 17A discovery proceedings in these termination proceedings because discovery would be incompatible with the tight time requirements section 279.24 prescribes. The openness of the proceeding before the hearing officer which section 17A.12(7) assures is not irreconcilably in conflict with other provisions of section 279.24. Any doubt must be resolved in favor of openness.

The trial court found "an inherent unfairness in allowing a bare transcript to be publicly disclosed without likewise allowing the findings and conclusions drawn by the hearing officer and the ultimate conclusions of the board to be disclosed as well." We disagree and find illuminating the newspaper's analogy between termination proceedings before the board and the partial confidentiality which accompanies trial by jury. Jury trials are for the most part open. The public is given free access to the evidence presented, the verdict of the jury, and the judgment rendered thereon. The deliberations of the jury, however, are confidential in nature. Iowa Rule of Civil Procedure 199(b) provides that jurors shall deliberate together privately, with no one communicating with them concerning the state of their deliberations.

As with evidence introduced in a jury trial, the evidence which first the hearing officer and then the board considers is made public by sections 272A.8 and 17A.12. As with jury deliberations, the board's consideration de novo of the evidence, deliberation toward a final decision, and findings of specific facts are private in nature and not subject to the provisions of chapters 21 and 22, by specific exemption in section 279.24 which makes those public meeting and records laws inapplicable. As with the return of a verdict and entry of judgment in open court, section 279.24 provides that the board shall reconvene in open meeting to announce by roll call vote whether it has decided to continue or discontinue the administrator's contract.

Viewed in the light of this analogy to jury trials, the several statutes here construed make sense and can readily be harmonized. The legislature did not intend to exempt from public access all evidence pertinent to the termination decision. It wrote the statutes to exempt the board's private hearing and conference in order that board members could in closed session examine de novo the transcript and findings of the hearing officer and through due deliberation arrive at a final decision. Specifically exempted from chapter 22, the public records statute, are the record of the private conference, findings of fact and exceptions. The transcript of evidence the board considers is not specifically exempted. This reading of the statutes squares with our cardinal rule of construction favoring public access to information on which public officials must take action affecting the public intent. Our so-called "sunshine laws" are creatures of statute which are to be construed in favor of openness, *Telegraph Herald, Inc. v. City of Dubuque,* 297 N.W.2d 529, 532–33 (Iowa 1980); *Howard,* 283 N.W.2d at 299; *City of Dubuque,* 297 N.W.2d at 527.

We note that the issues in this appeal are now narrower than when the board commenced this action. The newspaper had initially requested more records than the transcript of evidence, and the board had alleged that some of the requested records should be declared confidential under Iowa Code sections 22.7 and 22.8. Those provisions within the general public records statute except from disclosure some specifically-described public records and also those whose disclosure would not be in the public interest and would substantially and irreparably injure someone. *See Head v. Colloton*, 331 N.W.2d 870, 873–74 (Iowa 1983) (citing cases interpreting those specific section 22 exemptions and holding they are to be narrowly construed, with injunctive relief from disclosure carefully circumscribed).

On this appeal the only question presented by he parties is the only issue decided by the trial court: whether Iowa Code section 279.24 exempts from public disclosure the transcript of evidence introduced at the hearing before the hearing officer. We conclude that the public character of that hearing makes the transcript a public record accessible to the newspaper.

The declaratory judgment of the district court is reversed. We construe Iowa Code sections 279.24, 272A.8, and 17A.12(7) (1985) to provide the newspaper, and the general public, access to the transcript made before the hearing officer in this proceeding concerning the proposed termination of the contract of a nonprobationary school administrator.

REVERSED.

All Justices concur except CARTER and HARRIS, JJ., who dissent, and LAVORATO, J., who takes no part.

CARTER, Justice (dissenting).

I respectfully dissent. There is no room in the present case for this court to pass judgment on the desirability of maintaining the confidentiality of the proceedings leading up to the board's vote on termination of school administrators. We are only asked to declare what the legislature has provided in this regard. In considering that question, I fully agree with the district court that the legislature intended, in enacting section 279.24, that all of the steps in the statutory process prior to the final roll call vote are to be accorded confidentiality.

In order to reach a different conclusion, it is necessary to attribute to the legislature an intent to induce consequences in the middle step of a three-step process which, by purpose and design, will necessarily defeat the clear declaration of intent which the same legislature has espoused in regard to the first and last steps. I submit that such self-defeating, statutory interpretation should be indulged in, if ever, only when the intent to self-destruct appears with unmistakable clarity on the face of the enactment.

The majority's attempt to draw an analogy between the present situation and the deliberations of a jury is of no assistance whatsoever in understanding the issues presented on this appeal. There simply is no analogy between the two situations. There are specific statutes which bear on the confidentiality issue in the situation involved in section 279.24 proceedings which are not involved in the normal jury trial situation. In addition, the majority uses its predetermined interpretation of the statutes at issue in order to frame the analogy. If the purpose of the analogy is to aid in arriving at the proper interpretation, this is bootstrapping the result.

The three steps required in the present proceeding, prior to the final roll call vote of the board, are:

(1) The decision of the board to consider termination of the administrator and notification of the administrator of that decision;

(2) At the option of the administrator, a hearing before a hearing officer concerning whether just cause exists for termination of the administrator. Such hearing culminates in a written recommendation by the hearing officer;

(3) At the option of either the administrator or the board, a private hearing

before the board for review of the record made before the hearing officer and the hearing officer's proposed decision.

Within the first step, the board, if it desires, is allowed to maintain confidentiality of its deliberations and the notice to the administrator by reason of section 21.5(1)(i) and section 22.7(11). Within the third step, confidentiality is permitted by both the foregoing statutes and also by specific provision in section 279.24 that neither the private hearing or the record thereof are subject to the provisions of chapter 21 or chapter 22.

Within the second step (the one at issue here), confidentiality may be accorded to the detailed findings and recommendations of the hearing officer under section 22.7(11) and also by reason of the express provisions in section 279.24, exempting matters considered at the private hearing from the provisions of chapter 21 or chapter 22. The majority of the court concludes, however, that the proceedings before the hearing officer during the second step must be open to the public and that the transcript of that hearing is a public record by virtue of section 17A.12(7).

A major flaw in the majority's analysis is a misplaced reliance on statutes contained in chapter 17A. The Iowa Administrative Procedure Act was not written so as to apply to section 279.24 hearings. For this reason, it is an unreliable source upon which to rely in seeking the meaning of section 279.24. The provisions of chapter 17A are only involved in these proceedings to the extent that section 272A.8 makes them applicable. All that is said in the latter statute is "[t]he hearing shall be held pursuant to the provisions of chapter 17A relating to contested cases." This limited description of how the hearing shall be conducted falls far short of the majority's claim that section 279.24 proceedings are converted into contested cases under chapter 17A for all purposes.

Rather than being inapposite, as the majority suggests, our decision in *Jones v. Loess Hills Area Education Agency 13,* 319 N.W.2d 263, 264 (Iowa 1982) is highly instructive on this point. In *Jones,* we interpreted the quoted provisions of section 272A.8 as only relating to how the hearing is to be conducted. We indicated that it should have no applicability with respect to anything before or after the hearing. Here, the preparation and custody of the transcript are matters subsequent to the hearing. We also recognized in *Jones* that, because of the special attributes of section 279.24 proceedings, requirements of chapter 17A which are inconsistent therewith need not be considered as incorporated by reference under section 272A.8.

We have often said that we must construe statutes by examining the objects and purposes which the legislature sought to accomplish and the evils and mischiefs sought to be remedied and seek to reach a result which will effectuate those purposes. *E.G., State v. Peterson,* 347 N.W.2d 398, 402 (Iowa 1984); *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d 437, 440 (Iowa 1974); Iowa Code §§ 4.2, 4.6(1), (5) (1985). If it appears from such an examination of the present statutes that it was the intention of the legislature to accord confidentiality to the proceedings before the hearing examiner, then we should not hesitate to give the statutes this interpretation as a result of misplaced reliance on rules of construction favoring public access to information.

The opinion of the court in the present case may serve to dissuade administrators facing discharge from requesting hearings which will require the presentation of sensitive material. The legislature acted wisely in protecting against such disclosure at the other stages of the proceeding in order to foster full disclosure of all pertinent facts to the board. No reason has been suggested by the court why the legislature would intend a lesser degree of confidentiality to prevail in those instances where the administrator exercises the statutory right to an independent fact finder. The fact-finding process is an integral part of a single statutory proceeding in which the

legislature's desire for confidentiality is clearly expressed.

HARRIS, J., joins this dissent.