**STATE of Iowa, Appellant,**

v.

**Jeanne JACKSON, Appellee.**

No. 85–237.

Supreme Court of Iowa.

March 19, 1986.

Rehearing Denied April 15, 1986.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., William E. Davis, Co. Atty., and Mary E. Howes, Asst. Co. Atty., for appellant.

Jack E. Dusthimer, of Goebel & Koury Law Offices, Davenport, for appellee.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for Iowa Dept. of Human Services, amicus curiae.

Considered by UHLENHOPP, P.J., and McGIVERIN, SCHULTZ, WOLLE, and LAVORATO, JJ.

UHLENHOPP, Justice.

This appeal involves the confidentiality provision applicable to data in the state child abuse registry. Iowa Code § 235A.15(1) (1985).

I. Chapters 217, 232, and 235A of the Code contain the principal statutes relative to child abuse reporting, investigating, rehabilitating, and registering. Section 217.1 establishes the department of human services, and section 235A.15 creates within the department a central registry for child abuse information. Section 232.69 requires and permits reports of child abuse.

Section 232.70 of the Code prescribes the procedure for reporting. Oral or written reports are made to the department; the department makes oral reports to the registry of oral reports to it, forwards copies to the registry of written reports to it, and notifies "the appropriate county attorney of any report." § 232.70(4).

Section 232.71 requires the department, upon receipt of a report, to conduct an investigation and make its own report. Under subsections 6 and 7, the department must transmit a copy of its report to the registry. Subsection 8 then provides:

> The department of human services shall also transmit a copy of the report of its investigation to the county attorney. The county attorney shall notify the registry of any actions or contemplated actions with respect to a suspected case of child abuse so that the registry is kept up-to-date and fully informed concerning the handling of such a case.

Subsection 11 further provides:

> The department of human services shall assist the juvenile court or district court during all stages of court proceedings involving a suspected child abuse case in accordance with the purposes of this chapter.

Section 232.74 provides:

> Section 622.9 and 622.10 and any other statute or rule of evidence which excludes or makes privileged the testimony of a husband or wife against the other or the testimony of a health practitioner as to confidential communications, do not apply to evidence regarding a child's injuries or the cause of the injuries in any judicial proceeding, civil or criminal, *resulting from a report pursuant to this chapter* or relating to the subject matter of such a report.

(Emphasis added.)

Turning to chapter 235A, creating the registry, section 235A.13(1) contains this definition:

*"Child abuse information"* means any or all of the following data maintained by the registry in a manual or automated data storage system and individually identified:

    a. Report data.

    b. Investigation data.

    c. Disposition data.

Finally, section 235A.15 provides in subsection 1 that confidentiality of all "child abuse information" shall be maintained except for situations expressly listed in eleven paragraphs of subsection 2. Paragraph d of the exceptions, at the core of this case, authorizes access

[t]o a juvenile court or district court upon a finding that information is necessary for the resolution of an issue arising in any phase of a case involving child abuse, except that *information obtained through the registry shall not be utilized in any aspect of any criminal prosecution.*

(Emphasis added.)

II. Defendant Jeanne Jackson operates children's achievement centers in Scott County, Iowa. The county department of human services received a report relating to suspected child abuse of a two-year old girl in one of the centers. James Carnahan, a social worker, was assigned to the case, and conducted an in-depth investigation of the circumstances including interviews of a number of individuals at the center. Carnahan concluded that Jackson abused the child. He prepared a comprehensive report of the case, including minutes of the interviews. Pursuant to the statute, the department transmitted the report to the registry and a copy to the county attorney.

Based mainly on the information in the report, the county attorney charged Jackson with assault with injury in violation of section 708.2(2) of the Code.

Jackson moved, inter alia, to suppress, and alleged that the criminal charge was based on the information in the department's report to the registry and that "[u]nder Section 235A.15(2)(d) [previously quoted in this opinion], it is clear the child abuse information is not admissible evidence in the pending criminal case. As such, the State's entire case would be inadmissible."

After hearing, the district court ruled:

Since this is a criminal action, not a child abuse action, Section 235A.15(2)(d) appears quite persuasive when it states that access to child abuse information is authorized "to a juvenile court or a district court upon a finding that information is necessary for the resolution of an issue arising in any phase of a case involving child abuse, except that information obtained through the registry shall not be utilized in any aspect of any criminal prosecution."

Child abuse information is defined in Section 235A.13 as "any or all of the following data maintained by the registry in a manual or automated data storage system and individually identified:

    a. Report data.

    b. Investigation data.

    c. Disposition data.

Since a child abuse case and a criminal prosecution are two separate and distinct actions, information which comes to the attention of the County Attorney by virtue of a child abuse investigation would be confidential and therefore not admissible in a subsequent criminal prosecution. Accordingly, any such testimony should be suppressed in this criminal proceeding.

. . . .

IT IS THEREFORE ORDERED BY THE Court that any evidence or testimony in this case which has come to the attention of the County Attorney's Office by virtue of a child abuse investigation shall be suppressed at the trial of this criminal prosecution.

We granted discretionary review.

To pinpoint the department's contention, we note that the question presented is not whether the county attorney's copy of the report is itself admissible evidence in the criminal prosecution. Nor is a question

presented of inadmissibility of testimony under some rule of evidence other than the statute on confidentiality of registry data. The question is whether otherwise admissible evidence, such as the testimony of the witnesses at the achievement center, is not usable by the prosecutor and is inadmissible on behalf of the prosecution because it came to the prosecutor's attention from his copy of the department's report to the registry.

III. We hold that the district court's ruling must be reversed both on precedent and on the language of the statutes. We recently decided a somewhat analogous problem in *Board of Directors v. Quad City Times,* 382 N.W.2d 80 (Iowa 1986). In that case a proceeding before a hearing officer was open to the public. A subsequent proceeding before a board of directors, however, upon the record before the hearing officer, was private. We held that the hearing officer's record did not become confidential because it was subsequently used in the private hearing of the board. In doing so we referred to our cardinal rule of construction favoring openness.

In the present case the department was required by law to provide the county attorney with a copy of its report on child abuse. The General Assembly must have had a purpose in laying down this requirement. The Assembly did not provide that the county attorney's copy is confidential. Jackson argues that notwithstanding, the county attorney could not use in a criminal prosecution the information to which he was thus alerted. We do not think, however, that the county attorney had to close his eyes to that information because another copy went to the registry and could not be divulged by that agency.

The statutes support this view. Section 232.71(8) provides that the department shall transmit a copy of the report to the county attorney and states in the next sentence that the county attorney shall notify the registry "of any actions or contemplated actions with respect to a suspected case of child abuse so that the registry is kept up-to-date...." Certainly this language indicates that the county attorney may act on the information obtained from his copy of the report. This provision envinces legislative intent that the two offices act in cooperation, not in isolation. Section 232.74 provides that the testimonial privileges of spouses and health practitioners do not apply in *"any judicial proceeding, civil or criminal, resulting from a report pursuant to this chapter...."* (Emphasis added.) This section indicates that a criminal prosecution may result from a child abuse report.

Jackson leans heavily upon the wording we have emphasized in the exception to confidentiality in section 235A.15(2)(d): "Access to child abuse information is authorized ... to a ... district court upon a finding that information is necessary for the resolution of an issue arising in any phase of a case involving child abuse, except that *information obtained through the registry shall not be utilized in any aspect of any criminal prosecution."* This limitation, however, expressly applies to information obtained *through the registry.* Moreover, the introductory words state that access to "child abuse information" is authorized.... "Child abuse information" is data maintained by the *registry,* in manual or automated form. § 235A.13(1). The county attorney in the present case did not obtain the information from the registry; he obtained it from the department.

The district court should have overruled the motion.

REVERSED.