Eldon VANDER ZYL, Appellee,

v.

IOWA PROFESSIONAL TEACHING PRACTICES COMMISSION, Appellant.

No. 85–1550.

Supreme Court of Iowa.

Dec. 17, 1986.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellant.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

This is an appeal by the Iowa Professional Teaching Practices Commission (commission) from a judicial review decision holding that the record of a private teacher termination hearing under Iowa Code section 279.16 (1983) retained its confidentiality and was therefore inadmissible in subsequent disciplinary proceedings under Iowa Code chapter 272A (1983). We affirm.

In September 1983, Eldon Vander Zyl, a teacher in the Ames Community School District, pled guilty to a charge of indecent exposure, Iowa Code § 709.9 (1983), in an incident involving a juvenile girl. The superintendent of the school district notified Vander Zyl that he would recommend termination of his contract pursuant to section 279.16. After a hearing before the school board, the recommendation of the superintendent was approved, and Vander Zyl appealed to an adjudicator. *See* Iowa Code § 279.17. The adjudicator reversed the board's decision and ordered Vander Zyl's reinstatement. The school complied, without appealing the adjudicator's ruling.

In September 1984, the school district filed a complaint with the commission, requesting that Vander Zyl's teaching certificate be revoked or suspended pursuant to the Professional Teaching Practices Act, Iowa Code ch. 272A. The school district and Vander Zyl filed a proposed stipulation of evidence, together with a motion for a protective order. Under the stipulation, the record of the private termination hearing would be admitted into evidence on condition that the commission would enter a protective order to preserve its confidentiality.

The commission ruled that, while the record of the termination proceeding was confidential under chapter 279, it lost that confidentiality when the school board entered its termination order. It therefore refused to enter a protective order. Vander Zyl filed a petition for judicial review.

The district court reversed, holding that the transcript of a private hearing under chapter 279 maintained its confidentiality and could not be admitted without a waiver by Vander Zyl.

■ At the outset, we note that, in considering claims of confidentiality, disclosure is favored over nondisclosure, and any exceptions to that rule are narrowly applied. *Board of Directors v. Quad City Times,* 382 N.W.2d 80, 82 (Iowa 1986); *City of Dubuque v. Telegraph Herald, Inc.,* 297 N.W.2d 523, 526–27 (Iowa 1980).

Confidentiality of teacher termination hearings under chapter 279 is expressly provided by Iowa Code sections 279.15 and .16. Section 279.15 provides:

Within five days of the receipt of the written notice that the superintendent is recommending termination of the contract, the teacher may request, in writing to the secretary of the board, a private hearing with the board. The private hearing shall not be subject to chapter 21 [open meetings law].…

Iowa Code section 279.16 provides:

When the board has reached a decision, opinion, or conclusion, it shall convene in open meeting and by roll call vote determine the continuance or discontinuance of the teacher's contract. The record of the private conference and findings of fact and exceptions shall be exempt from the provisions of chapter 22 [public records law]. The secretary of the board shall immediately mail notice of the board's action to the teacher.

■ In contrast to the confidentiality provided for chapter 279 terminations, however, disciplinary proceedings under chapter 272A are public. This is apparent from a reading of the chapter itself, which has no provisions for confidentiality, and from the administrative rules promulgated under it. *See* 640 Iowa Admin.Code § 2.9(9).

■ In arguing that the chapter 279 record is no longer confidential, the commission suggests that, from a practical standpoint, Vander Zyl could gain nothing from a continued insistence on confidential-

ity, because the school district could present the identical evidence "live" at the commission hearing. Since the commission hearing is open to the public, there would be no confidentiality as to this evidence. The problem with this argument is that, if the complete record of the private hearing is introduced in the chapter 272A proceeding, confidentiality would be lost for all of the record, even though some, or all, of it might ultimately be ruled by the commission to be inadmissible. On the other hand, a live presentation of the evidence in which individualized objections could be made would shield inadmissible evidence from disclosure.

■ Beyond this pragmatism argument, the commission contends that termination of confidentiality is implicit in the statutory scheme of chapter 279 because, when an appeal is taken to an adjudicator or to district court under sections 279.17 or .18, the record of the private hearing is made public. Vander Zyl counters that there is no case law to support this position and that, in fact, a terminated teacher might still assert a claim of confidentiality in a direct appeal from a private hearing. We need not reach that issue; as Vander Zyl points out, it is not before us. We do note, however, that one of the grounds for an appeal from an adjudicator's ruling under sections 279.17 or .18 is the sufficiency of the evidence. In that case, it would be necessary to have the record of the private hearing available to the court. A hearing under chapter 272A, on the other hand, is a totally independent proceeding.

In the absence of some showing of legislative intent to do so, we do not believe the fact that chapter 272A proceedings are public should dictate that the record of proceedings under another statute, chapter 279, should be made public as well. We find no such suggestions under either chapter 272A or chapter 279.

The commission argues that our recent *Quad City Times* case is dispositive of the issue here. That case involved the termination of an administrator under section 279.24 and subsequent disciplinary proceedings under chapter 272A. Section 279.24, like sections 279.15 and 279.16, provides that the hearing before the school board shall not be subject to the open meetings law or the public records law. Despite the confidentiality provided by section 279.24 for the school board hearing, we held in *Quad City Times* that the public must be given access to the transcript made before the hearing officer, whose evidentiary hearing preceded the hearing by the school board. *Quad City Times*, 382 N.W.2d at 81–83.

■ Because *Quad City Times* involved the termination of an *administrator's* contract, the procedure is different from that involving a teacher termination. In the case of an administrator, Iowa Code sections 272A.8 and 279.24 require an evidentiary hearing by a hearing officer, a procedure specifically made subject to the administrative procedures act of Iowa Code chapter 17A. Such a hearing is required to be public, and it was on that basis that *Quad City Times* held that the record made before the hearing officer was not confidential in chapter 272A proceedings. *Quad City Times*, 382 N.W.2d at 81–83.

In contrast to that situation, however, a teacher termination case does not involve a preliminary evidentiary hearing by a hearing officer or the chapter 17A procedures. *See* Iowa Code §§ 279.15 and .16.

We conclude that the confidentiality of sections 279.15 and .16 does not end with the termination proceeding. In the absence of a waiver by the teacher, the record will not be admissible in proceedings under chapter 272A. We therefore affirm.

AFFIRMED.