**CRAIGMONT CARE CENTER: New Oaks Care Center; Commonwealth Care Center; Altoona Manor; Riverview Manor; Fountain West; Iowa Health Care Association, Petitioners-Appellants,**

v.

**The DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellee,**

**Des Moines Register and Tribune Company, Intervenor-Appellee.**

No. 2–67216.

Court of Appeals of Iowa.

Aug. 26, 1982.

Edwin N. McIntosh of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for petitioners-appellants.

John G. Black, Sp. Asst. Atty. Gen., and Candy Morgan, Asst. Atty. Gen., for respondent-appellee.

Barbara M. Mack and Michael A. Giudicessi, Des Moines, for intervenor-appellee.

PER CURIAM.

Petitioners appeal from the district court decision on judicial review requiring respondent agency to publicly disclose cost reports filed in connection with petitioners' receipt of medicaid payments. We affirm.

Petitioners are various intermediate health care facilities (hereinafter nursing homes) and a nonprofit corporation, the members of which include Iowa profit and nonprofit nursing homes. Each of petitioners received medicaid payments under Title XIX for some of their patients, and had been filing semi-annual cost reports with the Iowa Department of Social Services

(DSS). The reports are required to be filed in order to qualify with the department for the medicaid payments. *See* Iowa Admin. Code 470–204.1(2). On June 10, 1981, a reporter employed by the intervenor newspaper requested that he be allowed to inspect and copy the cost reports which were on file at the DSS. The cost reports contain detailed financial information from each of the participating nursing homes.

When the intervenor initially requested access to these cost reports, the DSS's policy had been to keep such information confidential. However, on July 2, 1981, the DSS informed the affected nursing homes that it intended to release the cost reports on July 6, 1981. On July 6, 1981, the petitioners filed an action seeking a declaratory ruling that the contents of the cost reports on file with the DSS were confidential public records within the scope of Iowa Code § 68A.7(6), or in the alternative, that the release of the cost reports should be enjoined pursuant to Iowa Code § 68A.8, because the examination of the cost reports would not be in the public's interest and the release of the information would cause substantial and irreparable harm. The petitioners also filed an application for a temporary stay of the DSS's decision to release the cost reports. On July 7, 1981, the intervenor-newspaper filed a petition for intervention, a resistance to the petition for an injunction, and a writ of mandamus to allow it to examine the cost reports.

Hearings were held, and the trial court held that release of the information would serve a public interest even though this might give an advantage to competitors, and (b) that the cost reports were not confidential public records within the scope of Iowa Code § 68A.7(6). The court ruled that the intervenor-newspaper could examine the cost reports. Petitioners appealed.

On appeal, petitioners assert the following: (1) that release of the reports would give an advantage to competitors without serving a public purpose, and thus they fall within the exception to general disclosure of public records created by Iowa Code § 68A.7(6); (2) that release of the reports would not be in the public interest and would cause substantial and irreparable injury, thus an injunction restraining release would therefore be appropriate pursuant to Iowa Code § 68A.8; (3) that the agency decision to release the reports constituted rulemaking in violation of the procedures established by Iowa Code chapter 17A; and (4) that the agency decision to release the reports was unreasonable, arbitrary, and capricious.

Our scope of review is pursuant to Iowa Code §§ 17A.19 and 17A.20.

█ I. The public has access to all public records under Iowa Code § 68A.2, unless the records fall under a specific exception. Petitioners contend that the cost reports are confidential public records and fall under the exception stated in Iowa Code § 68A.7(6), and that the trial court erred in not determining the reports were confidential.

Iowa Code § 68A.7 states:

The following public records shall be kept confidential unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release information ... (6) Reports to governmental agencies which, if released, would give advantage to competitors and serve no public purpose.

The trial court determined that although competitors could gain an advantage because of the information contained in the cost reports, the public purpose to be served warranted disclosure of the cost reports. The trial court noted specific areas of strong public interest in the information contained in the cost reports: the public is interested in knowing the cost of care for Medicaid recipients; the public is interested in knowing the difference between the cost of care for a contracted Medicaid patient as opposed to the cost of a person paying for such care with private funds; the tax-paying public has a strong general interest in

governmental spending; and people receiving Medicaid payments while in these nursing home facilities and those preparing to select nursing homes need full information to make informed decisions.

Chapter 68A is to be interpreted liberally to provide broad public access to public records. *City of Dubuque v. Telegraph Herald, Inc.,* 297 N.W.2d 523, 526 (Iowa 1980). We adhere to a presumption in favor of disclosure and construe statutory exemptions from disclosure narrowly. *Id.,* at 527. Injury in the nature of inconvenience and embarrassment, although it should be considered, does not control. Iowa Code § 68A.8.

We find that the strong public interests discerned by the trial court are indeed legitimate and compel a conclusion that public disclosure of the cost reports is warranted. The free flow of information regarding the nursing home industry in Iowa is of sufficient importance to allow the interested public access to this information. The trial court noted that over ninety-seven million dollars is received each year in Medicaid funds by the care facilities which accept Medicaid patients. In addition, the overwhelming majority of these facilities participate in the program. Few do not. Given the magnitude of the industry, the number of people it affects, and the tax dollars used to support the industry, the public interest at stake overshadows any advantages that competitors might derive from access to the cost reports.

■ II. Petitioners also contend the trial court should have issued an injunction to restrain the examination of the cost reports. Under Iowa Code § 68A.8, the trial court should grant an injunction prohibiting the release of particular records if the public examination of the records would substantially and irreparably injure any person, and if the examination would not be in the public interest. We believe that the considerations of public interest discussed in division I are sufficiently strong to render the

granting of an injunction under Iowa Code § 68A.8 inappropriate.

■ III. Petitioners next urge that the DSS's decision to release the cost reports violated the rule-making procedures outlined in Iowa Code § 17A.4. The petitioners contend that because it had been the department's decision initially not to release the reports, a change in that initial decision should have been effected by adopting a rule outlining the change. We disagree. The DSS did not make a rule when it decided to release the cost reports. Instead, it was simply applying Iowa Code chapter 68A, to a particular report. That section details the requirements for examination of such records, and the DSS simply applied those requirements to the instant case. Whenever an agency acts or applies existing guidelines, it does not need to go through a formal rule-making proceeding. No formal rule was needed in the instant case before the DSS could release the cost reports for the intervenor-newspaper's inspection.

■ IV. The last argument petitioners make is that the trial court erred when it held the DSS's decision to release the cost reports was not an unreasonable, arbitrary, and capricious agency action under Iowa Code § 17A.19(8). In support of this contention, the petitioners rely primarily on two facts: (a) the DSS's decision was made in less than a month, and (b) the DSS commissioner was not present when the DSS staff met with Attorney General Miller and several members of his staff to discuss the question. We are not persuaded that these circumstances are indicative of arbitrary or capricious action. There were several meetings held to discuss the issue, the attorney general and his staff were involved in the discussions and the decision, the acting administrator participated in the process, and the decision appears to comply with the guidelines of chapter 68A. Under these circumstances, it does not appear that the agency's decision was unreasonable, ar-

bitrary or capricious. We have considered all matters urged and conclude that the district court correctly decided the case.

AFFIRMED.